.J. M. PORTELA & Co., Appellant, *v.* REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 812.   Argued April 24, 1930.—Decided June 27, 1930.

*Isaías M. Crespo* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On November 19, 1929, the Valera–Cruz spouses mortgaged to J. M. Portela & Co., a mercantile partnership, three rural estates to secure a loan. Upon presentation of the deed for record in the registry of property, the registrar refused to record it and entered the following decision:

"The record of the present instrument is denied because of the failure to state therein the amount or part of the lien to be borne by each of the mortgaged properties, as provided by Act No. 62, of July 21, 1923 amending section 119 of the Mortgage Law, since the mortgage is not constituted by farmers to secure loans for agricultural purposes payable in annual installments within a period of-not less than ten years at a rate of interest not exceeding 7 per cent, in which case it would be exempt from that requirement in accordance with the said section; and a cautionary, notice has been entered instead. . . ."

From that decision the said partnership has appealed. It admits that the amount of the lien was not apportioned among the several properties mortgaged and that no loan is involved of the character specified in section 119 of the Mortgage Law as amended by the Act of July 21, 1923; but

it contends that, notwithstanding this, the registrar should have recorded the deed subject to the curable defect of a failure to make the said apportionment. It cites the cases of *Sanabria* v. *Registrar,* 37 P.R.R. 810; *Morales* v. *Registrar,* 37 P.R.R. 799, and *Santini Fertilizer Co.* v. *Registrar,* 34 P.R.R. 395.

In our opinion, section 119 of the Mortgage Law, whether in its original or in its amended form, is so clear, and the provisions of section 164 of the Mortgage Regulations so conclusive, that the registrar was bound to act as he did.

According to the Mortgage Regulations, registrars *shall not record* any mortgage on different properties subject to the same obligation, unless by agreement of the parties or by a judicial order in a proper case the amount which each estate is to secure is *previously determined.*

The decisions of this court invoked by the appellant refer to a distinct situation. In none of them has a registration been decreed where there has been a failure to comply with the mandatory provisions of section 119 of the Mortgage Law.

This does not mean that the obligation is void because it does not specify the amount for which each property is to answer. What it means is that if the parties want to have their rights protected by the Mortgage Law, in order that the lien should be legally constituted and enforceable in a proper case in accordance with the procedure provided by said Law, they must comply with all of its requirements. One of these is the apportionment of the lien, and if it is not complied with, the registrar is precluded, by the mandatory provisions of the Regulations, from making the record, except in cases involving any of the loans referred to in section 119 of the Mortgage Law as amended in 1923.

The decision appealed from must be affirmed.